UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LYDELL HILL,

    Plaintiff,

    v.                                     CAUSE NO. 3:22-CV-413-DRL-MGG

HYATT *et al.*,

    Defendants.

## OPINION AND ORDER

Lydell Hill, a prisoner without a lawyer, filed an amended complaint alleging that the defendants violated his Eighth Amendment rights when they failed to protect him and allowed inmates to stab him. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hill alleges that, on May 30, 2020, he informed Officer Brooks that he was in fear for his life and that a gang had a hit on him. ECF 5 at 2. Mr. Hill states that Officer Brooks spoke to him in a disrespectful manner and allowed several inmates to break security rules so they could stab him. *Id*. Mr. Hill asserts that it was known Officer Brooks was paid for the hit. *Id*. At the time of the attack, Sergeant Robinson happened to walk

into his dorm, called a signal, and put the dorm on lockdown. *Id*. Mr. Hill asserts he was told the lockdown would continue until all inmates were safe. *Id*.

After the lockdown ended on June 5, 2020, Mr. Hill believed he was still in danger because neither he nor the inmates who had attacked him had been moved to another dorm. *Id*. He claims that fights between inmates broke out on June 5, but the pod officer refused to isolate his door for protection, told him to "start stabbing m***********s" and allowed inmates to steal his property. *Id*. Mr. Hill had a weapon in his hand that he alleges was a decoy and approached officers yelling for help at which point Sergeant Sams and another officer used a TASER and mace on him. *Id*. He contends that Sergeant Sams and other officers ran out of the dorm while he was screaming for help, afraid, and in shock because inmates were yelling out to kill him. *Id*. at 2-3. He says he then dropped his weapon and attempted to leave the dorm. *Id*. at 3. However, Sergeant Sams and other officers slammed the slider doors on him leaving him defenseless and allowing an inmate to stab him in the chest. *Id*. He believed the officers intentionally tried to get him killed because they could see an inmate approaching him with a knife and did nothing to stop the attack. *Id*. He was later restrained, handcuffed, and taken to the medical unit. *Id*.

On June 11, 2020, Sergeant Sams escorted Mr. Hill to a meeting with Department of Internal Investigations (DII) Officer Johnson. *Id*. Mr. Hill says the meeting was recorded and DII Johnson instructed Mr. Hill to say he did not want to talk about the stabbings, or he would be placed back in the dorm where he had been stabbed. *Id*. Mr. Hill believes he was told this so there would be evidence to show he refused protective custody. *Id*.

About month later, on July 14, 2020, Sergeant Sams came to his cell wearing a body cam and told him DII Officer Dice wanted to move him back to the dorm where he had been stabbed. *Id*. He asserts he was written up on a disciplinary charge for assault with a weapon and lost good time credit. *Id*. In sum, Mr. Hill believes his constitutional rights were violated because he was intentionally placed in danger so that he would be assaulted. *Id*.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted).

3

Giving Mr. Hill the inferences to which he is entitled, he has stated a plausible deliberate indifference claim against Officer Brooks. He says on May 30, 2020, he told Officer Brooks he feared for his life and a gang had a hit on him, but she did nothing to protect him or alleviate the danger. Despite the threat of harm posed by the gang, Officer Brooks allowed several inmates to breach security rules, which resulted in Mr. Hill being stabbed. Mr. Hill also claims that that it was known Officer Brooks was paid for the hit. *Id*. Mr. Hill has alleged enough to proceed past the pleading stage on a claim against Officer Brooks.

He has also stated a claim for deliberate indifference against Sergeant Sams. Mr. Hill asserts that, on June 5, 2020, Sergeant Sams and other unidentified officers ran out of his dorm while he was screaming for help and inmates were yelling out to kill him. He contends that Sergeant Sams and other unidentified officers slammed the slider doors on him, allowing an inmate to stab him in the chest, and did nothing to protect him from the inmate. He has alleged enough to proceed past the pleading stage on a claim against Sergeant Sams.

As to Sergeant Robinson, DII Johnson, and DII Dice, Hill has not alleged facts that show they were deliberately indifferent to his safety. With respect to Sergeant Robinson, Mr. Hill alleges that, on May 30, 2020, he walked into Hill's dorm, called a signal, and put the dorm on lockdown. These allegations indicate Sergeant Robinson took steps to protect Hill from the harm he faced from other inmates. With regard to DII Johnson and DII Dice, he alleges they both wanted to move him back to the dorm where he had been stabbed. However, Mr. Hill's facts do not indicate if the inmates who attacked him were still

4

housed in Mr. Hill's dorm or if DII Johnson and DII Dice were actually aware of a substantial harm to Mr. Hill's safety.

Mr. Hill has also sued Warden Hyatt, Officer Mays, Officer Goodrich, Lieutenant Baley, Dr. Kim Myers, Caseworker Price, and Ms. Toben. However, other than listing them as defendants in the caption of the case, he never mentions them in the body of the amended complaint. Therefore, he may not proceed against these defendants.

For these reasons, the court:

(1) GRANTS Lydell Hill leave to proceed against Officer Brooks in her individual capacity for compensatory and punitive damages for failing to protect him from being stabbed by inmates, on May 30, 2020, in violation of the Eighth Amendment;

(2) GRANTS Lydell Hill leave to proceed against Sergeant Sams in his individual capacity for compensatory and punitive damages for failing to protect him from being stabbed by inmates, on June 5, 2020, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Warden Hyatt, DII Officer Dice, Sergeant Robinson, DII Officer Johnson, Officer Mays, Officer Goodrich, Lieutenant Baley, Dr. Kim Myers, Caseworker Price, and Ms. Toben;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Brooks and Sergeant Sams at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 5);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Brooks and Sergeant Sams to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 18, 2023

*s/ Damon R. Leichty*
Judge, United States District Court